IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIPPE TIRRE,

      Plaintiff,                  No. CIV S-11-2162 GGH P

vs.

D. McGUIRE, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the court's September 21, 2011 order to file a request to proceed in forma pauperis or the required filing fee, on October 14, 2011, plaintiff requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. Docket # 3.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

1

§ 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that defendant Correctional Counselor I McGuire at his initial classification on December 18, 2009, at California Correctional Center (CCC) in Susuanville, included a false sexual battery arrest or charge from 1999 in Santa Monica. Complaint, p. 3. Plaintiff indicates that he had been detained for an assault/battery (Cal. Penal Code § 245) and robbery (Cal. Penal Code § 211) by Santa Monica Police, from which he was released five days later with a detention certificate, but that he was not detained for any sexual battery charge. Id. Plaintiff alleges that defendant McGuire failed to follow through to correct the error. Id.

When plaintiff was informed by defendant Correctional Counselor Dunn that he had taken over for defendant McGuire, he failed to obtain and/or verify the police reports which showed plaintiff did not have a sexual battery charge despite plaintiff's efforts over weeks and despite having told plaintiff that he would "double check" and then could issue an official CDCR[1] chrono correcting the erroneous information. Complaint, pp. 3-4. Finally, defendant Correctional Counselor I Duval who then took over also failed to rectify the situation. Id., at 4. Plaintiff states that the defendants' failure to correct the error has been left too late and he contends that the failure to correct this "very serious situation" has "affected his ability to say 'No' to any Southern Hispanic for fear of being asked to produce 'paperwork' or a 128-G." Id. In a first level appeal response, dated January 26, 2010, among the many exhibits plaintiff

---

[1] California Department of Corrections and Rehabilitation.

attaches, indicated that, indeed, a review of the relevant arrest report reveals a battery/robbery charge but no sex-related charge. Id., at 8. The reviewer indicates that plaintiff has been informed "that CDCR cannot remove information listed on the California Identification and Information report...." and that it has been explained to plaintiff as to what steps he must take to contact both the Santa Monica Police Department and the [state] Department of Justice to try to repair the situation. Id. Plaintiff does not indicate within the body of his complaint whether he has taken any of the steps recommended to him.

Plaintiff fails to identify a constitutional deprivation by his allegations. A prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections). Thus, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984) (allegation that prison guard planted false evidence in retaliation for prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided). Thus, defendants McGuire, Dunn and Duval will be dismissed but plaintiff will be granted leave to amend.

To the extent plaintiff intended to sue CDCR, plaintiff is informed that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CDCR are frivolous and must be dismissed.

Finally, it is unclear how the apparently erroneous classification results in an inability to say "No" to a Southern Hispanic (presumably a gang member), whatever that means precisely, and how in any event such an allegation rises to the level of an unconstitutional condition of confinement. However, plaintiff will be granted leave to amend. Should he do so, plaintiff should set forth, inter alia, what form of relief he seeks. See Fed. R. Civ. P. 8(a)(3).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3         In accordance with the above, IT IS HEREBY ORDERED that:
4         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6  The fee shall be collected and paid in accordance with this court's order to the Director of the
7  California Department of Corrections and Rehabilitation filed concurrently herewith.
8         3. The complaint is dismissed for the reasons discussed above, with leave to file
9  an amended complaint within twenty-eight days from the date of service of this order.  Failure to
10 file an amended complaint will result in dismissal of this action.
11 DATED: November 17, 2011

                                   /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
tirr2162.bnf